IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARCELO VELASCO, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | JURY DEMANDED |
| UNITED STATES OF AMERICA | § | |
| and CHARLES NORMAND BRYANT, | § | |
|     *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Marcelo Velasco, complaining of and about Defendants, the United States of America and Charles Normand Bryant, and for cause of action would show the following:

## I.
## PRELIMINARY STATEMENT

1.  This federal lawsuit is brought under 28 US Chapter 171, the Federal Tort Claims Act for Negligence, cause by a motor vehicle accident which was caused by Charles Normand Bryant when he was acting within the scope of his employment with U.S. Customs and Border Protection which is a federal law enforcement agency of the Department of Homeland Security, a cabinet department of the Defendant, the United States of America.

## II.
## PARTIES

2.  Plaintiff Marcelo Velasco is an individual resident of Alamo, Hidalgo County, Texas.

3.  Defendant United States of America, may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure, by serving a copy of the Summons and of the Complaint on United States Attorney, Ryan K. Patrick, United States Attorney for the Southern District of Texas by certified mail, return receipt requested at his office, United States Attorney,

Southern District of Texas, 1000 Louisiana, Suite 2300, Houston, Texas 77002, to the attention of the Civil Process Clerk and by serving a copy of the Summons and Plaintiff's Original Complaint on William H. Barr, Attorney General of the United States, by certified mail, return receipt requested, at the Attorney General's Office, U.S. Department of Justice, 950 Pennsylvania Ave. NW, Washington, DC 20530, to the attention of the Civil Process Clerk.

4.      Defendant Bryant was at all times relevant to this Complaint an employee of U.S. Customs and Border Protection. He is sued in his individual capacity. Defendant Bryant may served pursuant to Rule 4(i) of the Federal Rules of Civil Procedure by serving the United States of American and pursuant to Rule 4(d) of the Federal Rules of Civil Procedure by requesting a waiver of service to be sent first class mail to his home address, 1 Bel Rea CT Apt #A St. Charles, MO 63301.

**III.**
**JURISDICTION**

5.      This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §1346 (b) because this suit involves a claim against the United States for personal injury and property damage caused by the negligent acts, wrongful acts or omissions of a government employee while acting within the scope of his employment, to-wit: Charles Norman Bryant, an agent and employee of the government acting in his capacity as U.S. Border Patrol agent under the employ of the U.S. Department of Homeland Security and U.S. Customs and Border Patrol. As a Border Patrol agent, Defendant United States of America's agent Charles Norman Bryant operated a vehicle owned by the U.S. Department of Homeland Security on the public roadway used by civilians such as Plaintiff herein and others.

**IV.**
**VENUE**

6.      Venue is proper in this district under 28 U.S.C. §1391(a)(2) and/or 28 U.S.C. §1391(b)(2) because all or a substantial part of the events or omissions giving rise to this claim occurred in this District.

**V.**
**NOTICE**

7.      On or about May 31, 2022, Plaintiff provided notice to Defendant United States of America of the claims herein sued upon by submitting a Standard Form 95 by United States Postal Service Certified Mail to U.S. Customs and Border Protection. Said notice was received by the United States on or June 2, 2022, and receipt of same has been acknowledged. Pursuant to the Federal Tort Claims Act, Plaintiff files this suit after the expiration of six months receipt of Plaintiff's notice.

**VI.**
**FACTUAL ALLEGATIONS**

8.      This lawsuit arises out of a motor vehicle collision that occurred on or about November 10, 2021.

9.      At the time and on the occasion in question, Plaintiff was traveling eastbound at the 100 block of East I-2 in San Juan, Hidalgo County, Texas.

10.     Defendant Bryant was driving a 2014 Chevrolet Express, owned by the United States, and was next to Plaintiff's 2015 Ford Taurus, also facing eastbound at the 100 block of East I-2 in San Juan, Hidalgo County, Texas.

11.     Defendant Bryant failed to keep a proper lookout and switched lanes when unsafe causing the passenger side of the Chevrolet Express to strike the driver side Plaintiff's vehicle.

12.     Officer Rene Cantu of the San Juan Police Department investigated the scene and put fault on Defendant Bryant, for changing lanes when unsafe.

13.     At the time of the accident, Defendant Bryant was a border patrol uniform and driving a vehicle marked with Customs and Border Protection insignia.

14.     Defendant Bryant was driving a vehicle owned by the United States and was operating the vehicle at the direction of the United States and/or in the course and scope of his employment with the United States.

15.     As a result of the collision, Plaintiff sustained injuries for which he continues to suffer from.

**VII.**
**CAUSES OF ACTION**

_Negligence of Defendant Bryant as an Employee of the United States of America_

16.     At the time of the incident in question, Defendant Bryant was acting in the course and scope of his employment with the United States of America. While acting in the course and course and scope of his employment with United States of America, Defendant Bryant was negligent in his operation of the 2014 Chevrolet Express owned by the United States of America. Defendant Bryant, as an employee of the United States of America, had a duty to exercise ordinary care and operate the vehicle reasonably and prudently. Defendant Bryant breached that duty in the following respects:

    a.  Failing to control a vehicle when a reasonable person of ordinary prudence would not have failed so failed under the same or similar circumstances.

    b.  Failing to timely apply the brakes to his vehicle in order to avoid causing a collision when a reasonable person of ordinary prudence would not have so failed under the same or similar circumstances.

    c.  Failing to keep a proper lookout when a reasonable person or ordinary prudence would not have so failed under the same or similar circumstances.

    d.  Failing to keep an assured clear distance.

17.    All of the foregoing acts and/or omissions, jointly and severally, separately and collectively are the proximate cause of Plaintiff's injuries and damages.

*Vicarious Liability of Defendant United States of America*

18.    Defendant Bryant was an employee for Defendant United States of America and was acting within the course and scope of his employment. Accordingly, Defendant United States of America is vicariously liable for the acts of Defendant Bryant, for the causes of action above.

*Negligence of Defendant Bryant Individually*

19.    Plaintiff believes that Defendant Bryant was acting in the course and scope of his employment with the United States of America at the time of the subject incident. However, if Defendant Bryant was not acting in the course and scope of his employment, then in the alternative, Plaintiff asserts claims against Defendant Bryant individually for this negligence in operating the 2009 Chevrolet Tahoe. At the time of the incident in question Defendant Bryant was negligent in his operation of the vehicle. Defendant Bryant had a duty to exercise ordinary care and operate the vehicle reasonably and prudently. Defendant Bryant breached that duty in the following respects:

    a.    Failing to control a vehicle when a reasonable person of ordinary prudence would not have failed so failed under the same or similar circumstances.

    b.    Failing to timely apply the brakes to his vehicle in order to avoid causing a collision when a reasonable person of ordinary prudence would not have so failed under the same or similar circumstances.

    c.    Failing to keep a proper lookout when a reasonable person or ordinary prudence would not have so failed under the same or similar circumstances.

    d.    Failing to keep an assured clear distance.

20.    All of the foregoing acts and/or omissions, jointly and severally, separately and collectively are the proximate cause of Plaintiff's injuries and damages.

## VIII.
## DAMAGES

21.     As a proximate result of Defendants' negligence, Plaintiff suffered extensive injuries and

damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

      a.   Medical expenses in the past and future;

      b.   Property damage and loss of use of Plaintiff's vehicle;

      c.   Diminished value of Plaintiff's vehicle;

      d.   Physical pain and suffering in the past and future;

      e.   Mental anguish in the past and future;

      f.   Physical impairment in the past and future;

      g.   Physical disfigurement in the past and future;

      h.   Cost of suit;

      i.   Post-judgment interest; and

      j.   All other relief in law and in equity to which Plaintiff may be entitled.

## IX.
## PRAYER

    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial hereof,

Plaintiff recovers her damages as specified above from the Defendants, plus costs of court and

interest upon judgment at the legal rate; and that Plaintiff have such other and further relief, general

and special, at law and in equity, to which she may be justly entitled under the facts and

circumstances.

Respectfully Submitted,

**DE LA GARZA LAW FIRM**

By:   */s/ Rafael de la Garza*
RAFAEL DE LA GARZA
State Bar No. 24076343
4919 S. Jackson Rd.
Edinburg, Texas 78539
Tel: (956) 533-1426
Fax: (956) 284-0518
Email: rdlglaw@gmail.com

**ATTORNEY FOR PLAINTIFF
MARCELO VELASCO**